**LOWENSTEIN SANDLER LLP**
Kenneth A. Rosen, Esq. (krosen@lowenstein.com)
Michael S. Etkin, Esq. (metkin@lowenstein.com)
Paul Kizel, Esq. (pkizel@lowenstein.com)
Jeffrey Cohen, Esq. (jcohen@lowenstein.com) (*pro hac vice* pending)
Philip J. Gross, Esq. (pgross@lowenstein.com)
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>ACETO CORPORATION,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-13448 |
| In re:<br><br>Aceto Agricultural Chemicals Corporation,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-13449 |
| In re:<br><br>Rising Pharmaceuticals, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-13447 |
| In re:<br><br>PACK Pharmaceuticals, LLC,<br><br>                Debtor. | Chapter 11<br><br>Case No. 19-13453 |

| | |
|---|---|
| In re:<br><br>Rising Health, LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 19-13451 |
| In re:<br><br>Acetris Health, LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 19-13452 |
| In re:<br><br>Arsynco, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 19-13454 |
| In re:<br><br>Aceto Realty LLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 19-13450 |
| In re:<br><br>Acci Realty Corp.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 19-13455 |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 1015 DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby submit this motion (the "Motion") for entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' above-captioned chapter 11 cases for procedural purposes only pursuant to Rule

1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Debtors submit the *Declaration of Rebecca A. Roof in Support of First Day Relief* (the "First Day Declaration"),[1] filed with the Court contemporaneously herewith. In further support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered on July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief sought herein is Bankruptcy Rule 1015.

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the above-captioned chapter 11 cases (the "Chapter 11 Cases"). The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner and no committee has been appointed in these Chapter 11 Cases.

5. Aceto Corporation, together with its debtor and non-debtor domestic and foreign affiliates (collectively, "Aceto" or the "Company"), has business operations in ten countries and is engaged in the development, marketing, sales and distribution of finished dosage form generic pharmaceuticals, nutraceutical products, pharmaceutical active ingredients and intermediates, specialty performance chemicals inclusive of agricultural intermediates and agricultural protection products.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

6.        The business is organized along product lines into three segments: Human Health, Pharmaceutical Ingredients, and Performance Chemicals.  Products that fall within the Human Health segment include finished dosage form generic drugs and nutraceutical products.  The Company sells generic prescription products and over-the-counter pharmaceutical products to leading wholesalers, chain drug stores, distributors and mass merchandisers. The Pharmaceutical Ingredients segment has two product groups: Active Pharmaceutical Ingredients (APIs) and Pharmaceutical Intermediates.  Generally, the API group supplies APIs to many of the major generic drug companies, who the Company views as valued partners in their effort to develop and market generics.  The Pharmaceutical Intermediates business involves supplying pharmaceutical intermediates, the complex chemical compounds that are the building blocks used in producing APIs, to pharmaceutical manufacturers.  These are the critical components of all drugs, whether they are already on the market or currently undergoing clinical trials.  Lastly, the Performance Chemicals segment involves supplying (a) different industrial segments with specialty chemicals used in the manufacture of plastics, surface coatings, cosmetics and personal care, textiles, fuels and lubricants; and (b) agricultural protection products, such as herbicides, fungicides and insecticides which control weed growth as well as the spread of insects and microorganisms that can severely damage plant growth.

7.        Additional details regarding the Debtors' businesses and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration, which was filed contemporaneously with this Motion and is incorporated herein by reference.

**RELIEF REQUESTED**

8.        By this Motion, the Debtors request entry of an order, substantially in the form submitted herewith, directing the joint administration of the Debtors' Chapter 11 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015.  Specifically, the Debtors request that the Court maintain one file and one docket for each of the jointly-administered cases.  The Debtors propose to designate the Chapter 11 Case of Aceto Corporation as the lead bankruptcy case.

9. Accordingly, the Debtors request that the Chapter 11 Cases be administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| ACETO CORPORATION, *et al.*,[1] | Case No. 19-13448 |
| Debtors. | (Jointly Administered) |

10. The Debtors also request that a docket entry be made in each of the above-captioned cases, substantially similar to the following, to reflect the joint administration of the Chapter 11 Cases:

> An order has been entered in accordance with Rule 1015 of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of Aceto Corporation, Aceto Agricultural Chemicals Corporation, Rising Pharmaceuticals, Inc., PACK Pharmaceuticals, LLC, Rising Health, LLC, Acetris Health, LLC, Arsynco, Inc., Aceto Realty LLC, and Acci Realty Corp. for procedural purposes only. All further filings and docket entries shall be made in the chapter 11 case of Aceto Corporation, Case No. 19-13448.

11. The Debtors will file consolidated monthly operating reports, but will separately set forth disbursements for each Debtor as a schedule to the extent required by the *United States Trustee Operating Guidelines*, with said reports to be filed in the lead case, rather than in each of the Debtor's individual cases.

12. Finally, for purposes of efficiency and in order to streamline notice of all matters that may affect creditors of any of the Debtors, the Debtors request authority to file a single

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Aceto Corporation (0520); Aceto Agricultural Chemicals Corporation (3948); Aceto Realty LLC (7634); Rising Pharmaceuticals, Inc. (7959); Rising Health, LLC (1562); Acetris Health, LLC (3236); PACK Pharmaceuticals, LLC (2525); Arsynco, Inc. (7392); and Acci Realty Corp. (4433).

consolidated list of the 30 largest creditors in each of the Chapter 11 Cases.

## BASIS FOR RELIEF

13. Bankruptcy Rule 1015(b) provides that "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015.

14. The Debtors in these Chapter 11 Cases are Aceto Corporation, Aceto Agricultural Chemicals Corporation, Rising Pharmaceuticals, Inc., PACK Pharmaceuticals, LLC, Rising Health, LLC, Acetris Health, LLC, Arsynco, Inc., Aceto Realty LLC, and Acci Realty Corp. The Debtors are "affiliates" as defined under section 101(2) of the Bankruptcy Code and as used in Bankruptcy Rule 1015(b).

15. Bankruptcy Rule 1015 promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).

16. These Chapter 11 Cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, and orders, and thereby save considerable time and expense for the Debtors, their estates, and the Court.

17. The Debtors anticipate that numerous notices, motions, other pleadings, hearings, and orders in these Chapter 11 Cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in the filing and service of numerous duplicative pleadings. Such duplication of substantially identical documents would be wasteful.

18. Joint administration will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors of each Debtor's estate and other parties-in-interest. Joint administration will also protect parties-in-interest by ensuring that parties-in-interest in each Chapter 11 Case will be apprised of the various matters before the Court in the Chapter 11 Cases. Likewise, joint administration will ease the burden on the office of the United States Trustee for the District of New Jersey in supervising these Chapter 11 Cases.

19. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these Chapter 11 Cases because each creditor may still file its claim against a particular Debtor and other substantive rights of creditors will not be impaired in any way by virtue of joint administration. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these Chapter 11 Cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

20. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified if the cases are jointly administered as requested herein.

21. Finally, the Debtors submit that filing a single consolidated list of the top 30 creditors in each of the Chapter 11 Cases is an efficient use of estate resources and will not impact or prejudice the rights of any party.

22. Courts in this District routinely order the joint administration of chapter 11 cases involving multiple, related debtor entities. *See, e.g., In re Frank Theatres Bayonne/South Cove, LLC*, No. 18-34808 (SLM) (Bankr. D.N.J. Dec. 21, 2018); *In re RWRF, Inc.*, No. 17-32958 (JKS) (Bankr. D.N.J. Nov. 15, 2017); *In re Mountain Creek Resort, Inc.*, No. 17-19899 (SLM) (Bankr. D.N.J. May 17, 2017); *In re Cinram Group, Inc.*, No. 17-15258 (VFP) (Bankr. D.N.J. Mar. 24, 2017). For the foregoing reasons, the Debtors respectfully submit that the joint administration of their Chapter 11 Cases is appropriate and should be directed.

### WAIVER OF MEMORANDUM OF LAW

23. The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is incorporated herein and the Motion does not raise any novel issues of law.

### WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

24. The Debtors seek a waiver of (i) the notice requirements under Bankruptcy Rule

6004(a), and (ii) the stay of the order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h), to the extent they are applicable, because the relief requested herein is necessary to avoid immediate and irreparable harm.

## NO PRIOR REQUEST

25.     No previous motion for the relief sought herein has been made to this or to any other court.

## RESERVATION OF RIGHTS

26.     Neither the contents of this Motion nor any actions taken by the Debtors pursuant to any relief granted in the proposed orders are intended or should be construed as: (a) admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights, claims, or causes of action under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) are valid, and the Debtors expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

## NOTICE

27.     Notice of this Motion has been given to (i) the Office of the United States Trustee for the District of New Jersey; (ii) the Internal Revenue Service; (iii) the New Jersey Division of Taxation Compliance and Enforcement - Bankruptcy Unit; (iv) the Office of the Attorney General of the State of New Jersey, Division of Law; (v) the United States Attorney's Office for the District of New Jersey; (vi) the New York State Department of Taxation and Finance; (vii) the Office of the Attorney General of the State of New York; (viii) the United States Attorney's Office for the Eastern District of New York; (ix) the Securities and Exchange Commission, New

York Regional Office; (x) McGuireWoods LLP, c/o Kenneth Noble, Esq., as counsel for the DIP Agent and Prepetition Agent; (xi) the Indenture Trustee for the Noteholders; (xii) the Debtors' thirty largest unsecured creditors on a consolidated basis; and (xiii) all parties that have requested to receive notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form submitted herewith, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: February 19, 2019

Respectfully submitted,

**LOWENSTEIN SANDLER LLP**

/s/ *Kenneth A. Rosen*
Kenneth A. Rosen, Esq.
Michael S. Etkin, Esq.
Paul Kizel, Esq.
Jeffrey Cohen, Esq. (*pro hac vice* pending)
Philip J. Gross, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)
krosen@lowenstein.com
metkin@lowenstein.com
pkizel@lowenstein.com
jcohen@lowenstein.com
pgross@lowenstein.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*